IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM WALKER, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-75-RWS-RSP |
| MARK A. ARBESFELD, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Plaintiff William Walker, a former prisoner confined within the Angelina County Jail proceeding *pro se*, filed this civil rights complaint, complaining that his constitutional rights were violated. Docket No. 1. The complaint was referred to United States Magistrate Judge Roy S. Payne for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On May 22, 2025, Judge Payne issued a report and recommendation, recommending that Plaintiff's lawsuit be dismissed with prejudice as both frivolous and for the failure to state a claim upon which relief can be granted. Docket No. 5. He also recommended that Plaintiff's claims challenging his conviction be dismissed with prejudice until the *Heck* conditions are met. *See generally Heck v. Humphrey*, 512 U.S. 477 (1994). A copy of the Report and Recommendation was sent to Plaintiff at his last-known address, with an acknowledgment card. The docket reflects that the Report and Recommendation was returned as "undeliverable" and marked "return to sender." Docket No. 6. To date, however, Plaintiff has not filed objections or otherwise communicated with the Court.

Because objections to Judge Payne's Report and Recommendation have not been filed, Plaintiff is barred from *de novo* review by the District Judge of those findings, conclusions, and

recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *See Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this cause and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report and Recommendation of the Magistrate Judge is not clearly erroneous, an abuse of discretion, or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

The Court has also identified another ground justifying the recommendation of the Magistrate Judge.

In his complaint, Plaintiff sues five different officials who are all allegedly federal employees working for the NLRB: (1) Mark A. Arbesfeld, Director, Office of Appeals, NLRB; (2) Timothy L. Watson, Regional Director, NLRB; (3) Raymond M. Hankins, Chief Security Officer, NLRB; (4) Laurie McFerren, Head of Board of Directors, NLRB; and (5) an unnamed Board of Director, NLRB. Docket No. 1 at 3. Plaintiff alleges, in a conclusory fashion, that each of these officers committed various acts and omissions against him, including conspiracy, civil conspiracy, defamation, neglect, abuse of office, perjury, and false information. *Id.* Plaintiff further contends that he suffered a legally cognizable injury as a result of four separate incidents. Plaintiff avers that (1) he "was framed, discriminated against, and wrongfully terminated from Marathon GBR in 2015 [and] 2016;" (2) "Union leaders from USW-13-1 Texas City lied to the NLRB and discriminated against me" and "did not provide proper representation in 2018 [and] 2019;" (3) he

"was arrested for sending emails exposing the crimes committed against [him];" and (4) he "was arrested again Aug. 9, 2022 and currently being unlawfully imprisoned for the illegal foreclosure of [his] home." *Id.* at 4.

The principal problem with the complaint is that Plaintiff fails to plausibly allege that any of the Defendants at the NLRB caused any of his alleged injuries or bear any legally cognizable nexus to those injuries. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Although he states that union leaders lied to the NLRB, he does not allege, except in a conclusory fashion, that the NLRB or any officials there acted wrongfully. And Plaintiff's conclusory allegations that each of the Defendants committed various acts and omissions against him cannot save his complaint. *Id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For these reasons, and the reasons discussed in the Report and Recommendation, Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 5) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the above-captioned action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**So ORDERED and SIGNED this 20th day of October, 2025.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE
